UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARL OSMENT (#96203)

VERSUS | CIVIL ACTION

HOWARD PRINCE, ET AL | NUMBER 10-215-RET-DLD

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 15, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARL OSMENT (#96203)

VERSUS

HOWARD PRINCE, ET AL

CIVIL ACTION

NUMBER 10-215-RET-DLD

**MAGISTRATE JUDGE'S REPORT**

Before the court is the application of petitioner Carl Osment for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**State Court Procedural History**

Petitioner was found guilty of one count simple robbery (Count I) and one count armed robbery (Count II) in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on October 4, 1995. Petitioner was subsequently adjudicated a fourth felony habitual offender and was sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence on the armed robbery conviction (Count II) and to a consecutive sentence of seven years imprisonment at hard labor on the simple robbery conviction (Count I).

Petitioner was granted an out-of-time appeal. The First Circuit Court of Appeal affirmed the petitioner's convictions and simple robbery sentence (Count I). *State of Louisiana v. Carl Osment*, 1999-0039 (La. App. 1st Cir. 12/28/99), 761 So.2d 809 (Table). The First Circuit Court of Appeal affirmed the petitioner's habitual offender adjudication and

armed robbery sentence in a separate opinion. *State of Louisiana v. Carl Osment*, 1999-0040 (La. App. 1st Cir. 12/28/99), 761 So.2d 809 (Table). Petitioner sought supervisory review by the Louisiana Supreme Court which was denied. *State of Louisiana v. Carl Edward Osment*, 2000-0267, 2000-0268 (La. 8/31/00), 766 So. 2d 1275.

Petitioner filed an application for post-conviction relief (PCRA) on August 29, 2001. The trial court denied the PCRA on December 1, 2006. Petitioner sought review by the Louisiana First Circuit Court of Appeal on June 30, 2008. The Louisiana First Circuit Court of Appeal failed to consider petitioner's writ application because it failed to comply with La. Uniform Rules-Courts of Appeal 4-2, 4-3 and 4-5. *State of Louisiana v. Carl Osment,* 2008-1319 (La. App. 1st Cir. 10/14/08). Petitioner was advised that a new application must be filed on or before November 12, 2008. Petitioner filed a second writ application on November 12, 2008 which was denied on March 6, 2009. *State of Louisiana v. Carl Osment*, 2008-2346 (La. App. 1st Cir. 3/6/09). Petitioner sought review by the Louisiana Supreme Court which was denied on March 5, 2010. *State of Louisiana v. Carl Osment,* 2009-0757 (La. 3/5/10), 28 So.3d 998.

**Federal Habeas Corpus Application**

Petitioner signed his federal habeas corpus application on May 4, 2010, and it was filed on May 10, 2010.

Petitioner raised the following grounds for relief:

(1) he was denied effective assistance of counsel;

(2) there was insufficient evidence to support the conviction; and,

(3) his sentence was unconstitutionally excessive.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

**Applicable Law and Analysis**

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). An application ceases to be "pending" within the meaning of section 2244(d)(2) when the petitioner fails timely to file an application for a supervisory writ at the next level. *Id*. at 407. A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. *Id*. After the appeal period has lapsed, an application ceases to be pending but a subsequent properly filed application entitles the petitioner to additional tolling

beginning at the time of the "proper" filing. *Id*.

Petitioner's conviction became final on November 29, 2000.[1] From the date his conviction became final until August 29, 2001, the date the petitioner filed his PCRA, 274 days of the limitations period elapsed. The district court denied the petitioner's PCRA on December 1, 2006.

Petitioner did not seek supervisory review in the Louisiana First Circuit of Appeal until June 30, 2008. Louisiana Uniform Court of Appeal Rule 4-3 grants no more than 30 days for a prisoner to seek a supervisory writ from an intermediate appellate court after the district court's ruling. The Louisiana First Circuit Court of Appeal did not consider the petitioner's writ application because the petitioner failed to comply with La. Uniform Rules, Courts of Appeal Rules 4-2, 4-3 and 4-5. The court advised the petitioner that he had until November 12, 2008, to file a new application.

---

[1] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs."). Normally that time expires ninety days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the defendant concludes his state-court direct-appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

Petitioner no longer had an application "pending" in state court when he failed to timely file an application for supervisory writs with the First Circuit Court of Appeal. The subsequent "properly filed" November 12, 2008 application to the First Circuit Court of Appeal did not alter that fact. However, the "properly filed" November 12, 2008 writ application to the court of appeal tolled all subsequent proceedings relating to that application. Therefore, from the date the trial court denied the PCRA on December 1, 2006, until November 12, 2008, the date the petitioner "properly filed" an application to the First Circuit Court of Appeal, and additional 712 days of the limitations period elapsed.

The limitations period remained tolled from November 12, 2008, the date the petitioner "properly filed" an application to the First Circuit Court of Appeal, until March 5, 2010, the date the Louisiana Supreme Court denied review of the second writ application.

From March 5, 2010, the date the Louisiana Supreme Court denied review, until May 4, 2010, the date the petitioner filed his federal habeas corpus application, an additional 60 days of the limitations period elapsed.

From November 29, 2000, the date the petitioner's conviction became final until May 4, 2010, the date he filed his federal habeas corpus application, 1046 days of the limitations period elapsed.[2] Petitioner's federal habeas corpus application was not timely filed.[3]

---

[2] Although the entire state court record was not filed in response to the court's May 11, 2010 order, the portions of the state court record produced are sufficient to determine whether the petitioner's federal habeas corpus application was timely filed. Moreover, the dates relied upon to determine timeliness are not disputed by the petitioner.

[3] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3D 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v.*
(continued...)

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petition of Carl Osment for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Signed in Baton Rouge, Louisiana, on April 15, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

[3](...continued)
*Johnson*, 174 F.3d 710 (5th Cir. 1999).